**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4260**

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

JOSEPH LOWERS,

> Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:21-cr-00050-TSK-MJA-1)

Submitted:  April 3, 2024                                        Decided:  July 10, 2024

Before WYNN and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Frank C. Walker, II, FRANK WALKER LAW, Clairton, Pennsylvania, for Appellant.  Zelda Elizabeth Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Lowers pled guilty, pursuant to a written plea agreement, to knowingly making a false statement in connection with the acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2).[*] Lowers' charge was predicated on the fact that he knowingly falsely asserted in a Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") form that he was not an unlawful user of, or addicted to, any controlled substances.

The district court sentenced Lowers to 33 months' imprisonment, to be followed by three years of supervised release. On appeal, Lowers' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Lowers' conviction is unconstitutional following *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), and whether his sentence is substantively reasonable. Although notified of his right to do so, Lowers has not filed a pro se supplemental brief. The Government has declined to file a response brief. We affirm.

Because Lowers raises his *Bruen* challenge for the first time on appeal, we review this challenge to his conviction for plain error only. *United States v. Claybrooks*, 90 F.4th 248, 256 (4th Cir. 2024). To prevail under the plain error standard, Lowers must establish "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial

---

[*] Although Lowers' plea agreement contained an appeal waiver, the Government has not sought to enforce the waiver, and we decline to enforce such waivers sua sponte. *United States v. Kim*, 71 F.4th 155, 162 n.4 (4th Cir.), *cert. denied*, 144 S. Ct. 436 (2023).

proceedings." *United States v. Comer*, 5 F.4th 535, 548 (4th Cir. 2021) (internal quotation marks omitted).

> Lowers was convicted under 18 U.S.C. § 922(a)(6), which makes it a crime
>
> for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

Another provision of that chapter, § 922(g)(3), prohibits "any person . . . who is an unlawful user of or addicted to any controlled substance" from possessing firearms. Given that "[t]he contours of *Bruen* continue to solidify in district and appellate courts across the nation" and "[t]his Circuit lacks precedent establishing that any of the relevant statutes violate the Second Amendment right to keep and bear arms," "[t]here can be no plain error." *Claybrooks*, 90 F.4th at 256.

Turning to Lowers' sentence, we review "all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). "First, we 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting

3

*Gall v. United States*, 552 U.S. 38, 51 (2007)). "If the sentence 'is procedurally sound, [this] court should then consider the substantive reasonableness of the sentence,' taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (quoting *Gall*, 552 U.S. at 51). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (internal citation omitted).

We conclude that Lowers' sentence is procedurally and substantively reasonable. The district court correctly calculated the advisory Guidelines range of 27 to 33 months' imprisonment. And although the court directly acknowledged Lowers' arguments that his personal history and family support warranted a lower sentence, the court determined that the 33-month sentence imposed was necessary in light of, *inter alia*, the seriousness of the offense and the need to promote respect for the law. Lowers fails to overcome the presumption of reasonableness accorded his sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Lowers, in writing, of the right to petition the Supreme Court of the United States for further review. If Lowers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lowers.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*